UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-23503-CIV-SCOLA

RAFAEL AMARO,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, SUBSCRIBING
TO POLICY NUMBER CHO3 64735,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

Rafael Amaro ("Amaro"), pursuant to Rule 12(b)(6), submits this Motion to Dismiss Defendant's Counterclaim for Rescission, and to Strike Defendant's Fifth Affirmative Defense to Plaintiff's Complaint [D.E. 11], and states as follows:

### INTRODUCTION

Rafael Amaro's home, located at 1393 NW 31st Street, Miami, Florida 33142 (the "Property"), was destroyed by fire caused by a kitchen stove on May 21, 2017. At the time of the fire, the Property was insured under a homeowners' policy issued by Defendant, Certain Underwriters at Lloyd's London ("Lloyd's"). Amaro immediately reported the fire to Lloyd's and cooperated fully with the carrier's ensuing claim investigation.

For over a year, Lloyd's conducted numerous inspections of the damage and took multiple examinations under oath. Frustrated with the carrier's foot-dragging, Amaro repeatedly

requested that Lloyd's make a coverage determination, but Lloyd's refused to respond to its insured's requests without explanation.

More than a year after his home was destroyed Mr. Amaro filed this lawsuit for breach of contract, seeking the benefits to which he is rightly entitled under his Lloyd's policy. Minutes before Lloyd's served its answer, affirmative defenses, and counterclaim for rescission on September 25, 2018, the insurer for the first time sent Mr. Amaro a letter attempting to rescind the policy and sent a check refunding the policy premium.

Unfortunately for Lloyd's, its counterclaim for rescission and its fifth affirmative defense fail as a matter of law. Lloyd's admits it is a "Surplus Lines" insurer and issued a "Surplus Lines" policy to Mr. Amaro. Surplus lines carriers may not seek rescission based on Section 627.409, Florida Statutes. To the extent the affirmative defense and counterclaim seek relief under Florida common law, the carrier fails to state a claim for intentional fraud pursuant to Rule 9(b), and any efforts to further amend would be futile based upon the undisputed evidence generated by the carrier's claim investigation that Mr. Amaro had no knowledge of the alleged misrepresentations on the application that the carrier claims justify rescission.

This an egregious example of "post-claim underwriting," an abhorrent insurance practice whereby an insurers:

> …investigation and assessment of the risk presented by the insured…only after the insurer is confronted with the prospect of contract performance. With the specter of contract performance looming on the horizon, the insurer has new-found energy for investigation. It then marshals its resources to discover any historical minutiae related to the insured that might serve as an arguable basis for an inception defense. Once this minutia is discovered, rescission naturally follows.

Thomas C. Cady & Georgia Lee Gates, POST CLAIM UNDERWRITING, 102 W. Va. L. Rev. 809, 810 (2000). Post claim underwriting has been called an "abomination," an "artificial vehicle for contract avoidance" and "quintessentially opportunistic." *Id*.

Lloyd's attempt to do so here should be rejected and its rescission affirmative defense stricken and its counterclaim dismissed, with prejudice.

## THE ALLEGATIONS OF THE COUNTERCLAIM AND AFFIRMATIVE DEFENSE

Lloyd's counterclaim for rescission alleges that in his application, submitted just one day before the policy was issued, Amaro represented that the home had undergone complete renovations to the wiring in 2000, the property had a local smoke protection device, the home was wired with copper wiring and not knob and tube wiring, and that there were no uncorrected fire or building code violations. D.E. 11, Counterclaim, at ¶ 7. Lloyd's asserts the same misrepresentations in its affirmative defense when alleging that the policy is void pursuant to Section 627.409, Florida Statutes. D.E. 11, at ¶ 11. Lloyd's asserts that but for these material misrepresentations, the policy would not have been issued. D.E. 11, Counterclaim, at ¶ 20.

## ARGUMENT AND MEMORANDUM OF LAW

A pleading must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The duty to liberally construe a pleading in the face of a motion to dismiss is not equivalent to the duty to rewrite a pleading for the party who filed it. *Peterson v. Atlanta Hous. Auth*., 998 F.2d 904, 912 (11th Cir. 1993). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

A party asserting an affirmative defense has the burden of providing the opposing side with fair notice of the nature of the defense and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009). Insufficient defenses may be stricken. FED. R. CIV. P. 12(f); *see, e.g., Inlet Condominium Ass'n Inc. v. Childress Duffy, Ltd.*, No. 12-21711-CIV-COOKE/TOAZO-REYES, 2013 WL 11320208, at *1 (S.D. Fla. May 21, 2013). An affirmative defense is insufficient as a matter of law if on the face of the pleadings, it is patently frivolous; it is clearly invalid as a matter of law; or it appears that the Defendant cannot succeed under any set of facts which it could prove. *Blount v. Blue Cross and Blue Shield of Fla.*, No. 3:10-cv-1151-J-34MCR, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) (internal citations omitted).

> **I.** **Lloyd's cannot use Section 627.409 to justify rescission because the statute does not apply to surplus lines insurers or the policies they issue.**

Lloyd's admits in its counterclaim that the policy issued to Mr. Amaro is a surplus lines policy, and it is a surplus lines insurer. D.E. 11, Counterclaim, at ¶ 2. Surplus lines insurers are specially regulated by Sections 626.913–917 of the Florida Statutes. Section 626.913(4) provides that "[e]xcept as may be specifically stated to apply to surplus lines insurers, the provisions of Chapter 627 do not apply to surplus lines insurance authorized under . . . the Surplus Lines law." FLA. STAT. § 626.913(4) (emphasis added).

Section 627.409 does not specifically state it applies to surplus lines insurers. *See, e.g.*, *Aspen Spec. Ins. Co. v. River Oaks of Palm Beach Homeowner's Assn., Inc.*, No. 11-CIV-81380, 2012 WL 3260398, at *3 (S.D. Fla. Aug. 8, 2012). Accordingly, Lloyd's cannot seek relief under Section 627.409. *Id* (holding that when an insurer is a surplus lines carrier section 627.409(1) is inapplicable); *Victores v. Geovera Specialty Ins. Co.*, No. 8:13-CV-1719-T-17MAP, 2014 WL 408820, at *1 (M.D. Fla. Feb. 3, 2014); *Mt. Hawley Ins. Co. v. One River*

*Plaza Co.*, No. 13-CV-62390, 2014 WL 11721638, at *2 (S.D. Fla. Sept. 18, 2014) ("After much litigation in recent years, it is now well-established that surplus line insurance carriers are not governed by the requirements of Fla. Stat. § 627."); *W. Heritage Ins. Co. v. Montana*, No. 8:13-CV-1116-T-24-TG, 2013 WL 5913971, at *2 (M.D. Fla. Oct. 24, 2013), *aff'd*, 623 F. App'x 525 (11th Cir. 2015); *Canal Indem. Co. v. Margaretville of NSB, Inc.*, No. 6:11-CV-2001-ORL-36, 2013 WL 3357859, at *5–6 (M.D. Fla. July 3, 2013), *rev'd and remanded as to a separate issue*, 562 F. App'x 959 (11th Cir. 2014); *Reynolds Ventures, Inc. v. Scottsdale Ins. Co.*, No. 2:18-cv-306-FtM-29MRM, 2018 WL 4215947, at *3 (M.D. Fla. Sept. 5, 2018).

Lloyd's admits as much in the reservation of rights letter sent to Mr. Amaro following the loss,[1] and at least one other federal court in Florida has told it so. In *Certain Underwriters at Lloyd's, London v. Taylor, Bean & Whitaker Mortgage Corp.* (*In re Taylor, Bean & Whitaker Mortgage Corp.*), Lloyd's sought rescission of "bankers bonds" covering employee dishonesty. No. 3:09-bk-7047, Adv. No. 3:10-AP-243, slip op. at 1–4 (Bankr. M.D. Fla. Mar. 31, 2011) (ECF No. 163).[2] In that case, the Court dismissed the statutory rescission claims brought by Certain Underwriters at Lloyd's because they were surplus lines insurers. *Id.* at 6–8. The court made clear "There is no doubt that Florida Statute Section 626.913(4) establishes that Section 627.409 does not apply to surplus lines insurance. . . . Thus, the Court finds that under the clear terms of Florida Statute Section 626.913(4), a surplus lines insurer may not obtain relief under Section 627.409." *Id.* at 7.

---

[1] The first page of this letter – from the same counsel representing Lloyd's in this action – informs Mr. Amaro that "**Chapter 627, Florida Statutes, does not apply to Lloyd's because it issued the subject policy to Mr. Amaro pursuant to the Florida surplus lines law**," and cites to Section 626.913, Florida Statutes as support. *See* October 25, 2017 letter from Clinton D. Flagg, Esq. to Jorge Piedra, Esq., attached hereto as Exhibit "A" (emphasis supplied).

[2] The order granting in part the motions to dismiss Certain Underwriters at Lloyd's amended complaint is attached as Exhibit "B."

Any claim for statutory rescission is not available to Lloyd's as a matter of law whether framed as a counterclaim or an affirmative defense, and no facts may bring the Lloyd's surplus lines policy within the scope of Section 627.409. The counterclaim should be dismissed and the affirmative defense should be stricken, with prejudice.

## II. Lloyd's has not pled common law fraud, and no facts it could plead can show any alleged misrepresentations were made with actual knowledge.

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. FED. R. CIV. P. 9(b). To meet the 9(b) standard, the complaint must set forth: (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud. *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (emphasis added); *Ziemba v. Cascade Int'l Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001).

Common law insurance policy rescission requires that the insured make a misrepresentation "with conscious intent to deceive." *Metro Life Ins. Co. v. Fugate*, 313 F.2d 788, 792 (5th Cir. 1963) (applying Florida law); *see also Life Ins. Co. of Va. v. Shifflet¸* 359 F.2d 501 (5th Cir. 1966) (same). As explained in *Roess v. St. Paul Fire & Marine Ins. Co.*, Section 627.409 "is in derogation of the common law" because "it allows avoidance of the policy by the insurer even though a misstatement of material fact is made by the insured on an application form in good faith and without knowledge of the falsity of the representation." 383 F. Supp. 1231, 1236 (M.D. Fla. 1974).

The Lloyd's policy at issue states that the entire policy is void as fraud if the insured has: "(a) intentionally concealed or misrepresented any material fact or circumstance; (b) engaged in fraudulent conduct; or (c) made false statements." D.E. 11, Ex. 1 at 17-18 (Policy No. CHO3 64735, Sections I and II – Conditions, (2)). To the extent Lloyd's seeks rescission under the common law, it has not pled sufficient facts to be entitled to that relief, nor can it. Lloyd's counterclaim does not allege that Amaro knowingly and intentionally made false statements on the insurance application.

Lloyd's also lacks a good faith basis to allege actual intent to deceive because it is undisputed that in his examination under oath taken months before Lloyd's ever sought rescission, Mr. Amaro testified he did not fill out the application and had no knowledge of the information contained therein, making any intentional misrepresentation impossible.[3] Allowing Lloyd's to re-plead would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (pursuant to Fed. R. Civ. P 15(a)(2), leave to amend should be freely given unless there is a justifying reason for the denial such as futility of amendment); *West Coast Life Ins. Co. v. Life Brokerage Partners*, LLC, No. 08-80897-CIV-RYSKAMP/VITUNAC, 2009 WL 10668563, *2 (S.D. Fla. Sept. 29, 2009) ("An amendment is futile if the proposed [pleading] would not survive a motion to dismiss.").

## CONCLUSION

Lloyd's transparent effort at post-claim underwriting must fail, as no set of facts could entitle the carrier to the relief it seeks. This Court should dismiss Lloyd's counterclaim without leave to amend, and should strike with prejudice the affirmative defense seeking relief based upon Section 627.409, Florida Statutes, and grant any additional relief it deems just and proper.

---

[3] *See* Examination Under Oath Transcript of Rafael Amaro at 32:7-25, attached as Exhibit "C."

CASE NO. 18-CV-23503-CIV-SCOLA

Respectfully submitted,

/s/ *Matthew B. Weaver*
**Matthew B. Weaver, Esq.**
Florida Bar No.: 42858
mweaver@vpl-law.com
**VER PLOEG & LUMPKIN, P.A.**
100 S.E. Second Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558

*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16th, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served via Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing listed on the Service List below.

/s/ *Matthew B. Weaver*
**Matthew B. Weaver, Esq.**

**CASE NO. 18-CV-23503-CIV-SCOLA**

## SERVICE LIST

Matthew L. Baldwin, Esq.
Mbaldwin@VargasGonzalez.com
Justin T. Jaggars, Esq.
Jjaggers@VargasGonzalez.com
Zwilliams@VargasGonzalez.com
Vargas Gonzalez Hevia Baldwin, LLP
815 Ponce De Leon Blvd., 3rd Floor
Coral Gables, FL. 33134
Tel: (305) 631-2528
Fax (305) 631-2741

*Co-Counsel for Plaintiff*

Clinton D. Flagg, Esq.
cflagg@flagg-law.com
LAW OFFICE OF CLINTON D. FLAGG, P.A.
Suite 1400, Dadeland Centre I
9155 South Dadeland Blvd.
Miami, Florida 33156
Telephone: (305) 669-0506
Fax: (305) 669-8980

*Counsel for Defendant*