United States District Court
for the
Southern District of Florida

| Rafael Amaro, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-23503-Civ-Scola |
| Certain Underwriters at Lloyd's, | ) | |
| London, Subscribing to Policy | ) | |
| Number CHO3 64735, Defendant. | ) | |

### Order Denying Motion to Accept Late-Filed Expert Report

Defendant Certain Underwriters at Lloyd's, London, Subscribing to Policy Number CHO3 64735, asks the Court to accept its untimely submitted expert report. (Def.'s Mot., ECF No. 80.) Plaintiff Rafael Amaro opposes the request, maintaining that Lloyd's failure to comply with the Court's scheduling order is neither justified nor harmless. (Pl.'s Resp., ECF No. 81.) Having reviewed the party's submissions, including Lloyd's reply (ECF No. 86), the Court **denies** the motion (**ECF No. 80**).

The Court's October 2018 scheduling order required the parties to "exchange expert witness summaries/reports" by May 20, 2019. (Sched. Order, ECF No. 13.) It also set July 22, 2019, as the deadline to complete all expert discovery. (*Id.*) Lloyd's did not provide its report for defense expert Terry Tadlock until July 29, 2019—over two months beyond the deadline to do so and a week after the close of all expert discovery.

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any expert witness it may use at trial to present evidence and "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(A)– (B). "Rule 26's expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1361–62 (11th Cir. 2008) (quotations omitted). Under Rule 37(c)(1), a Court may excuse a party's failure to timely provide an expert report if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, there is no dispute that Lloyd's expert report was submitted well beyond the deadline to do so; and even beyond the close of expert discovery altogether. Nor does Lloyd's contend that its failure to timely provide the report

was justified. Instead, Lloyd's insists its late production is harmless. The Court disagrees.

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (quotations omitted). Lawyers "must take responsibility for the obligations to which [they] committed and get the work done by the deadline"; they certainly do not have "carte blanche permission to perform when [they] desire[]." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). Here, by the time Lloyd's produced its expert report, fact and expert discovery had closed; the magistrate judge had entered his reports and recommendations on the parties' summary-judgment motions; and the deadline for the parties to file their motions in limine and *Daubert* motion was only one day away. Lloyd's has not convinced the Court that its late disclosure is harmless nor has it presented any justification for any extensions of the Court's deadlines or settings. As a result, the Court **denies** Lloyd's motion in its entirety (**ECF No. 80**).

**Done and ordered** at Miami, Florida, on August 22, 2019.

_____
Robert N. Scola, Jr.
United States District Judge